## R. R. (Red) ROSSER v. STATE.
### No. 16445.

Court of Criminal Appeals of Texas.
Nov. 8, 1933.

James A. Gowdy, of Olton, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

Robbery is the offense; penalty assessed at confinement in the penitentiary for five years.

Upon the written request of the appellant, duly verified by his affidavit, the appeal is dismissed.

## C. B. SHARP v. STATE.
### No. 16484.

Court of Criminal Appeals of Texas.
Nov. 22, 1933.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

KRUEGER, Judge.

The appellant was tried and convicted of the offense of burglary and his punishment assessed at confinement in the state penitentiary for a term of five years.

The indictment appears to be regular. There is no statement of facts nor bills of exception in the record. There is, however, incorporated in the record, a motion filed in the trial court asking the court to direct the clerk to immediately forward the transcript to the Court of Criminal Appeals so that said court may dispose of his case at once, which motion was granted.

In imposing sentence, the trial court failed to take cognizance of the Indeterminate Sentence Law (Vernon's Ann. C. C. P. art. 775). The sentence is reformed to show that appel-lant is condemned to confinement in the penitentiary for not less than two nor more than five years, and, as reformed, the judgment is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

## John D. SHIVES v. STATE.
### No. 16205.

Court of Criminal Appeals of Texas.
Nov. 1, 1933.

Sid B. Malone, of Beeville, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

Assault with intent to rape is the offense; penalty assessed at confinement in the penitentiary for ten years.

The indictment appears regular and regularly presented. Neither statement of facts nor bills of exception accompany the record. No fault in the record has been pointed out or perceived which would warrant reversal or require discussion.

The judgment is affirmed.

## D. SPARKS v. STATE.
### No. 16449.

Court of Criminal Appeals of Texas.
Nov. 1, 1933.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

The conviction is for the unlawful possession of intoxicating liquor for the purpose of sale; penalty assessed at confinement in the penitentiary for one year.

Upon the written request of the appellant, duly verified by his affidavit, the appeal is dismissed.